UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KARINA ALVAREZ SAN JUAN                    CIVIL DOCKET NO. 6:26-cv-01795

VERSUS                                     JUDGE DAVID C. JOSEPH

MARKWAYNE MULLIN, ET AL                    MAGISTRATE JUDGE DAVID J. AYO

## ORDER

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS (the "Petition") filed by the Petitioner, Karina Alvarez San Juan ("Petitioner"). [Doc. 1]. Respondents Markwayne Mullin and Todd Lyons (collectively, "Respondents") filed a Response on June 5, 2026, to which Petitioner filed a Reply on June 9, 2026. [Docs. 15, 17]. For the following reasons, the Petition is GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner San Juan is a Mexican national who entered the United States without authorization or inspection from an immigration officer. [Doc. 1]. She is the mother of four minor children who are United States citizens. [*Id.*]. Petitioner's youngest child was born on January 7, 2026. [Doc. 1-4]. As of the time of this Order, he is approximately six months old. [*Id.*]. United States Immigration and Customs Enforcement ("ICE") detained Petitioner on May 6, 2026. [Doc. 1-5, p. 3]. ICE transferred Petitioner to ICE's South Louisiana Processing Center in Basile, Louisiana, on May 9, 2026, where she has since remained in detention. [Doc. 1, p. 2].

Petitioner filed the instant Petition for Writ of Habeas Corpus, along with a Motion for Temporary Restraining Order, on May 14, 2026, in the Southern District

of Florida.  [Doc. 1-1].  Petitioner's case was transferred to this Court on May 29, 2026.  [Doc. 6].

Petitioner claims she is being unlawfully detained because: (i) she is entitled to a bond hearing; (ii) her bond hearing was cancelled and her emergency motion denied without explanation, violating due process; (iii) her transfer to Louisiana via a Form I-830, rather than a proper motion to change venue, violates 8 C.F.R. § 1003.20(b); (iv) ICE's actions reflect deliberate forum manipulation and violate ICE's own transfer and notification policies; and (v) Petitioner's continued detention is unconstitutionally punitive under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  [Doc. 1].

Respondents argue that the Petition should be denied because: (i) this Court lacks jurisdiction over Petitioner's transfer and the Immigration Judge's rulings under 8 U.S.C. § 1252(b)(9) and (g); and (ii) Petitioner is subject to mandatory detention under binding Fifth Circuit precedent.  [Doc. 15].  In her Reply, Petitioner argues that her continued detention as a nursing and postpartum mother violates the *Accardi* doctrine in light of ICE Directive 11032.4.  [Doc. 17].

<u>LAW AND ANALYSIS</u>

**I.   ICE Directive 11032.4**

Under ICE Directive 11032.4 (the "Directive"), ICE should generally refrain from detaining "individuals known to be pregnant, postpartum, or nursing unless release is prohibited by law or exceptional circumstances exist."  [Doc. 17-1, p. 1].  To be clear, the Directive does not concern whether removal proceedings should be

initiated against such individuals; rather, the Directive solely addresses a detainee's continued detention during the pendency of removal proceedings. [*Id.*].

The Directive defines a person as nursing if, "regardless of the passage of time since childbirth," they are an "individual breastfeeding a child." [*Id.*, p. 3]. And an individual is considered postpartum for the "one-year period immediately after" giving birth to a child. [*Id.*]. And exceptional circumstances, which would prohibit release, "exist only in the following circumstances: (1) the individual poses national security concerns; or (2) the individual poses an imminent risk of death, violence, or physical harm to any individual." [*Id.*].

Yet even "[i]n the very limited circumstances in which detention is necessary and appropriate," ICE must nevertheless monitor the general health and well-being of individuals known to be pregnant, postpartum, or nursing, along with conducting regular custody and medical reevaluations. [*Id.*, p. 1]. Specifically, the appropriateness of continued detention must be evaluated at least weekly. [*Id.*, p. 8].

## II.    The *Accardi* Doctrine

Under the *Accardi* doctrine, agencies are bound to abide by their own regulations or internal procedures. *See Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007); *see also Accardi v. Shaugnessy*, 347 U.S. 260, 268 (1954). Consequently, courts may set aside agency action that is not in compliance with the agency's own regulations or internal procedures. *See Lesli v. Att'y Gen. of U.S.*, 611 F.3d 171, 175 (3d Cir. 2010).

Here, Petitioner falls squarely within the Directive's ambit.  As noted above, the Directive provides that ICE "should not detain … individuals known to be pregnant, postpartum, or nursing … unless release is prohibited by law." [Doc. 17-1, p. 1].  Petitioner's child was born less than a year ago, so she is a postpartum individual under the Directive.  [Doc. 1-4].  Furthermore, Petitioner claims that she was actively nursing her child at the time of her apprehension, which, if true, would also fall under the Directive's purview.  [Doc. 1, p. 1].  Thus, unless Respondents can demonstrate why Petitioner's release is prohibited by law or what exceptional circumstances exist, the Directive requires Petitioner's release.[1]

Following a hearing on this issue, Respondents were ordered "to file an affidavit attesting to whether ICE Directive 11032.4 has been followed and the deliberative process ICE has undertaken to comply with its own directive." [Doc. 21]. Instead, Respondents filed a Response stating that they had no additional evidence to present to this Court. [Doc. 22]. Accordingly, Respondents have failed to demonstrate their adherence to the Directive required by the *Accardi* doctrine. Specifically, Respondents have failed to show why Petitioner's release is prohibited by law or what exceptional circumstances exist that mandate Petitioner's continued detention.  Additionally, Respondents have failed to demonstrate their compliance

---

[1]    The Court notes that other federal regulations specifically contemplate paroling individuals who are subject to § 1225(b) detention.  *See* 8 C.F.R. § 235.3(c)(1) ("Except as otherwise provided in this chapter, any arriving alien who appears to the inspecting officer to be inadmissible, and who is placed in removal proceedings pursuant to section 240 of the Act shall be detained in accordance with section 235(b) of the Act.  Parole of such alien shall only be considered in accordance with § 212.5(b) of this chapter."). And under 8 C.F.R. § 212.5(b)(2), DHS may parole on a case-by-case basis, "women who have been medically certified as pregnant," among other categories of detainees.

with the Directive's requirement that the continued detention of postpartum or nursing mothers be continuously reevaluated on at least a weekly basis. Because Respondents have failed to comply with the Court's invitation to demonstrate that Petitioner's continued detention comports with the Directive, the *Accardi* doctrine necessitates Petitioner's release.

CONCLUSION

In consideration of the facts before the Court,

IT IS HEREBY ORDERED that the PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1] is GRANTED. Petitioner shall be RELEASED from detention as soon as practicable, not to exceed five (5) business days from today. The Government may take all necessary measures to stay apprised of Petitioner's location after her release.

IT IS FURTHER ORDERED that the parties file a NOTICE OF COMPLIANCE with this Court within 24 hours of Petitioner's release.

IT IS FURTHER ORDERED that the Government is authorized to take Petitioner into custody again upon demonstrated compliance with ICE Directive 11032.4 or upon completion of her immigration proceedings if necessary to effectuate a final order of removal.

THUS, DONE AND SIGNED in Chambers on this 7th day of July 2026.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE